### WENDELIN STURM v. WILLIAM HUCK.

Argued June 2, 1908—Decided November 9, 1908.

1. A lease of a bedroom does not carry with it, as a necessary incident, a right to a supply of water.
2. Where a landlord demises a bedroom, and permits the tenant to obtain water from other rooms in the house, such permission is a mere revocable license, and vests no legal right.

---

On appeal from the Hoboken District Court.

Before Justices GARRISON, SWAYZE and PARKER.

For the plaintiff, appellee, *Frederick Dieffenbach, Jr.*

For the defendant, appellant, *John Griffin.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff was a tenant of the defendant under a lease which described the premises demised as "All the front bedroom on the top floor of the house known as No. 111 Zabriskie street, in said city of Jersey City, and the shop in the rear of said house."

It was proved at the trial, over the defendant's objection, that at the beginning of the tenancy, and for several years thereafter, the plaintiff used to go into other rooms of 111

Zabriskie street, and take water from them into the room described in the lease, and that after October 23d, 1907, the defendant refused to allow the plaintiff to obtain water as before.

The trial judge conceived that this constituted an unlawful interference with the plaintiff's rights in the bedroom, and gave judgment in his favor. The lease makes no mention of appurtenances, but we think the case need not be rested on that fact. We know of no rule of law that obliges any landlord, in the absence of express agreement, to supply water to tenants. The precise question has arisen in Massachusetts and Rhode Island, and been decided adversely to the tenant. *Leighton* v. *Ricker,* 173 *Mass.* 564; *Sheldon* v. *Hamilton,* 22 *R. I.* 230.

A somewhat similar question was before our Court of Chancery in *Oliphant* v. *Richman,* 1 *Robb.* 280. In that case the lease was of a lot at the edge of a mill pond with the privilege of building and maintaining an ice-house thereon, which was to be used for no other purpose than an ice-house. It was the custom of the lessee, for several years, to fill the house from the lessor's pond. It was held that the taking of the ice amounted to no more than a license, and the lessee was enjoined from the cutting and removing it. In the present case the plaintiff argues that water is so essential to the use of a bedroom that the right to take it passes as a necessary incident, and cites *Hill* v. *Shultz,* 13 *Stew. Eq.* 164, as authority; but in that case it was held that the right to have a platform retained in a horizontal position on the street, to enable customers to approach a show-window, was not a necessary incident to the use of the demised premises.

A supply of water to a bedroom is no more necessary than a supply for a dwelling-house, or than heat, light, furniture or bedding; all alike are commodities, with which the tenant must supply himself in the absence of an agreement to the contrary with his landlord.

The fact that the plaintiff was allowed for some years to obtain water from other rooms in the house, being at best a mere license and so indefinite in character that it would be

impossible to determine its precise extent, invested the tenant with no legal right.

Let the judgment be reversed and the record remitted for a new trial.