ABBIE J. SPATZ AND ANOTHER v. ADA D. BERKWICH.

Submitted March 19, 1914—Decided June 2, 1914.

In the absence of a covenant to that effect in the lease, a landlord is not liable to his tenant to pay for water used by the tenant upon the demised premises even though there is a covenant for quiet enjoyment.

On appeal from Atlantic City District Court.

Before Justices SWAYZE and BERGEN.

For the plaintiff-respondent, *Henry W. Lewis.*

For the defendant-appellant, *Endicott & Endicott.*

The opinion of the court was delivered by

SWAYZE, J. The only question is whether a landlord is liable to his tenant to pay for water used by the tenant upon

the demised premises where there is no covenant to that effect in the lease. We cannot distinguish this case from *Sturm* v. *Huck,* 77 *N. J. L.* 59. The covenant for quiet enjoyment does not alter the case. No doubt a hotel in Atlantic City must have water but so it must have gas and electric current, and probably no one ever supposed that the covenant for quiet enjoyment required the landlord to furnish these supplies. If it may be said that other sources of light are available than a supply from a central station, it may equally be said that water also is a commodity that need not be taken from the city water works through pipes. We must remember in construing the covenant that it applies not merely to dwelling-houses but to farms, large and small, and to factories. A construction that might seem to accord with what is fair in case of a dwelling, might not accord with what is fair in case of a farm or factory. Probably, there is no general custom by which the question of fairness can be determined, and it is better to adhere to a construction of the covenant that is applicable to all situations, leaving the parties to make their own bargain if they mean something different.

The judgment must be reversed and the record remitted for a new trial.