F. BEDELL WILLS AND MICHAEL G. GARRITY, CO-PARTNERS, TRADING AS CONSOLIDATED TRUCKING COMPANY, APPELLANTS, v. CAMDEN LIME COMPANY, RESPONDENT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellants, *Louis B. LeDuc*.

For the respondent, *Wescott & Weaver*.

The opinion of the court was delivered by

HETFIELD, J. This was an action in replevin, tried in the Camden County Circuit Court, resulting in a direction of a verdict for the defendant. It appears that the city of Camden had awarded a contract to the defendant for the supplying of materials for street construction work. The plaintiffs also secured a contract from the city to haul the materials supplied by the defendant to the point where the street or streets were being constructed. The city of Camden, according to the terms of the contracts, required both parties to furnish bins or measuring boxes to be used for the purpose of loading and measuring the materials to be supplied and delivered. The defendant owned a wharf at Federal street and Cooper creek, in Camden, at which place they supplied the material for delivery. In order to carry out the terms of their contract, it became necessary for the plaintiffs to erect a bin or measuring box on the defendant's wharf, which was the place of supply, and, by reason thereof, several conferences were had between the plaintiffs and the defendant company's representatives as to the terms and conditions under which the plaintiffs would be permitted to use the defendant's property for the purposes stated. The negotiations resulted in the defendant receiving a letter, signed by the plaintiffs, dated April 2d, 1925, reading as follows: "This is to advise that we are ready to erect a Blaw-Knox bin on your Federal street wharf as per our conversation with you this date. It is understood that this bin is to become your property as soon as erected on the ground." The following reply, dated April 2d, 1925, was made by the defendant company: "We hereby acknowledge receipt of your letter of even date. We will allow you to install an aggrameter on our wharf—Federal street and Cooper creek. It is understood that this aggra-

meter will be of a type acceptable to us and suitable for city requirements for 1925, and that it will be used for Camden highway work."

It is apparent that the letters, which are undisputed, constituted a completed contract, whereby the plaintiffs, in consideration of transferring the title to the bin, as soon as erected, to the defendant, were permitted to use the defendant's property for such time as their contract with the city of Camden might require, and, as a result thereof, the plaintiffs used the wharf, to the extent of their requirements, for a period of approximately eight months.

The plaintiffs contend it was not the intent of the parties that the bin was to become the property of the defendant, and endeavor to show, by parol evidence, that prior to the signing and delivery of the letters, there was an understanding to the effect that the ownership of the bin was to remain in the plaintiffs, and that at the end of a year there would be an adjustment made as to the rental of the defendant's property. The trial court properly ruled that evidence of this character could not vary, add to or alter the written agreement consisting of letters.

There is no rule of law which is better settled than that which holds that parol evidence of contemporaneous or prior understandings or negotiations cannot be introduced to supersede, contradict or vary valid written contracts. In the case of *Naumberg* v. *Young*, 44 *N. J. L.* 331, Mr. Justice Depue, speaking for the Supreme Court, said: "I think it may be considered as settled upon principle, as well as by the weight of authority, that where the written contract purports on its face to be a memorial of the transaction, it supersedes all prior negotiations and agreements, and that oral testimony will not be admitted of prior or contemporaneous promises on a subject which is so closely connected with the principal transaction, with respect to which the parties are contracting, as to be part and parcel of the transaction itself, without the adjustment of which the parties cannot be considered as having finished their negotiations and finally concluded a contract."

The trial court properly directed the verdict for the defendant, and the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.