JESSE LOBSENZ, PLAINTIFF-APPELLEE, v. CENTRAL MARKET COMPANY, A NEW JERSEY CORPORATION, AND GEORGE SABO AND ANDREW LENGLE, DEFEND-ANTS-APPELLANTS.

Argued October 2, 1935—Decided November 1, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellants, *Aaron Heller*.

For the appellee, *Benjamin Spitz*.

PER CURIAM.

This is the defendants' appeal from a judgment of the District Court directed by the trial judge in favor of the plaintiff.

It appears that the agreed state of the case discloses the following matters of fact: The defendants, by written lease, rented from the plaintiff a store in the premises of the plaintiff. After the execution of the lease the defendants insisted that the plaintiff was obliged to furnish water for the defendants in the store which they were using as a butcher shop, and were proceeding to take this water through the medium of plaintiff's meter against the objection of the plaintiff who threatened to shut off the water. The parties then met, with their attorneys. The defendants' attorney, desiring to avoid a cash deposit by his clients required for a separate meter,

asked that plaintiff install a separate meter, and it was stipulated that a separate meter be installed in the name of the plaintiff and for the use of the defendants, and that, after the lease had expired, and the cost of the water determined, the plaintiff should then institute suit to determine whether the landlord or the tenant was under legal obligation to supply the water, and if plaintiff's contention prevailed he was to be reimbursed. Accordingly this suit brought up the stipulated question. From the judgment therein in favor of the plaintiff the defendants appeal.

The defendants say that the court erred in overruling certain questions put by defendants' counsel.

These questions are all to substantially the same effect, and manifestly only one of them requires examination. That question was: "Isn't it a fact that the understanding between the parties was that the plaintiff was to supply the water?" Now the state of the case discloses that, upon plaintiff's objection, "Mr. Aaron Heller [attorney for defendants] stated that the purpose of this question was to show that at the time the lease was signed there was an oral arrangement that the water bills were to be paid by the landlord." The court stated that any contemporaneous or prior statements were inadmissible as varying the terms of a written contract, and he overruled the question.

We think that was right, in the absence of any claim of fraud (and no such claim was stated or made at the trial), and when, as here, the lease in question was in usual form. was complete on its face, and was silent with respect to the supplying of water. *Drischman* v. *McManemin,* 68 *N. J. L.* 337; 53 *Atl. Rep.* 548; *Kistler* v. *McBride,* 65 *N. J. L.* 553; 48 *Atl. Rep.* 558; *Childs* v. *South Jersey Amusement Co.,* 95 *N. J. Eq.* 207; 122 *Atl. Rep.* 803; *Wills* v. *Camden Lime Co.,* 104 *N. J. L.* 428; 140 *Atl. Rep.* 310.

In the Drischman case it was held that recovery cannot be had for failure to furnish articles not specified in the lease, although agreed to be furnished in conversations had prior to the execution and delivery of the lease.

In the Wills case it was held that parol evidence of contemporaneous or prior understandings or negotiations cannot

be introduced to supersede, contradict or vary valid written contracts.

It is to be noted that, not only was no fraud suggested in the court below, but it also appears that the lease was drawn and witnessed by, and acknowledged before, the attorney of the defendants.

It will be observed that the contention of the defendants in the court below was that under the lease the landlord was legally bound to supply water to the tenant, and such contention was made the basis of defendants' motion for a direction of a verdict. We think that motion was properly denied, there being no such requirement in the lease. The rule is that in the absence of a covenant to that effect in the lease, a landlord is not liable to his tenant to pay for water used by the tenant upon the demised premises. *Sturm* v. *Huck,* 77 *N. J. L.* 59; 71 *Atl. Rep.* 44; *Spalz* v. *Berkwich,* 86 *N. J. L.* 34; 90 *Atl. Rep.* 1051.

The foregoing observations in effect dispose of every question raised and argued.

The judgment below will be affirmed, with costs.