The **ROCKVILLE REMINDER, INCORPORATED** et al., Plaintiffs-Appellants,

v.

The **UNITED STATES POSTAL SERVICE** et al., Defendants-Appellees.

No. 800, Docket 73–1115.

United States Court of Appeals, Second Circuit.

Argued May 2, 1973.

Decided June 20, 1973.

Henry S. Cohn, Asst. U. S. Atty. (Stewart H. Jones, U. S. Atty., D. Conn., of counsel), for defendants-appellees.

Before FRIENDLY and HAYS, Circuit Judges, and JAMESON, District Judge.*

JAMESON, District Judge:

Appellants, The Rockville Reminder, Incorporated, and three individuals representing a class of rural mailbox owners, brought this action against the appellees, The United States Postal Service and three local postmasters, seeking declaratory and injunctive relief to permit the installation of metal hook devices on rural mailboxes for private delivery of "The Rockville Reminder", an advertising journal. The district court granted summary judgment of dismissal, holding that the device was proscribed by postal regulations.[1] We agree and affirm.

The Rockville Reminder is primarily an advertising circular, but contains a small amount of local and community news. It is published weekly and delivered free to rural residents. The metal device consists of a hook approximately two inches long, fastened to the outside lower flange or lip of a rural mailbox with a sheet metal screw, which does not penetrate the actual mailbox receptacle. The Reminder is delivered in a plastic bag, and the hook is used to puncture and hold the bag. Delivery may be made from a car.[2]

Appellant *Reminder* installed 4,736 of the hooks on rural mailboxes, with the express consent of approximately 1,000 owners of the boxes, and a consent by silence and use of the remainder, except

William P. Murray, Jr., West Hartford, Conn. (F. Owen Eagan, West Hartford, Conn., and Herbert Hannabury, Rockville, Conn., of counsel), for plaintiffs-appellants.

---

* Of the United States District Court for the District of Montana, sitting by designation.

1. Rockville Reminder, Inc. v. United States Postal Service, 350 F.Supp. 590 (D.Conn.1972).

2. In the early part of February, 1972 the Postmaster at Vernon, Connecticut, one of the appellees, had consented to the installation of hook devices on the post supporting the mailbox for non-mail delivery of the Reminder. This did not prove satisfactory because delivery could not be made without leaving the delivery car. *Reminder* then proposed that the hooks be attached to the mailboxes themselves. The Postmaster requested a ruling on the legality of the proposal.

for seven box owners who expressly denied permission to install the hooks.[3]

On April 10, 1972 the Postmaster at Vernon, Connecticut notified appellant *Reminder* that the regional counsel of the Postal Service "has ruled that the use of hooks attached to rural mailboxes is contrary to existing Postal regulations", and gave notice that mailable material on the hooks would be retrieved for postage. Thereafter *Reminder* discontinued the use of the hooks and paid postage on its delivery. This action was commenced on June 15, 1972.

Appellants contend that (1) there is no Postal Service regulation proscribing their "intended course of conduct"; and (2) the "attempted regulation" of the conduct is unreasonable and violates appellants' rights under the First, Fifth, and Ninth Amendments to the Constitution of the United States.

Article 1, Section 8, Clause 7 of the Constitution of the United States grants to Congress the power to establish a postal system. In turn Congress has prescribed the "general powers" of the Postal Service, including the power "to adopt, amend, and repeal such rules and regulations as it deems necessary to accomplish the objectives [of title 39]." 39 U.S.C. § 401(2). The Postal Service is charged with the responsibility "to maintain an efficient system of collection, sorting, and delivery of the mail nationwide." 39 U.S.C. § 403(b)(1).

Regulations have been adopted by the Postal Service pursuant to 39 U.S.C. § 401. 39 C.F.R. § 151.1 (1972) reads:

"Private mail receptacles.

"(a) *Designation as authorized depository*. Every letterbox or other receptacle intended or used for the receipt or delivery of mail on any city delivery route, rural delivery route, star route, or other mail route is designated an authorized depository for mail within the meaning of 18 U.S.C. sections 1702, 1705, and 1708.

"(b) *Use for mail only*. Receptacles described in § 151.1(a) shall be used exclusively for mail except as provided in § 156.5(h). Any mailable matter such as circulars, statements of accounts, sale bills, or other similar pieces deposited in such receptacles must bear postage at the applicable rate and a proper address."

39 C.F.R. § 156.5(h) (1972) provides:

"(h) *Unstamped newspapers*. Rural boxes are to be used for mail only, except that publishers of newspapers regularly mailed as second-class mail may, on Sundays and national holidays only, place copies of the Sunday or holiday issues in the rural and star route boxes of subscribers, with the understanding that copies will be removed from the boxes before the next day on which mail deliveries are scheduled."

Appellants argue that these regulations were intended to regulate what may be placed *in* the mailbox and do not proscribe what may be placed on the box, calling attention to the reference in § 151.1(b) to matter "deposited in" the receptacles. The district court, noting that this subsection also provides that the receptacle described in § 151.1(a) "shall be *used exclusively for mail*", concluded that the regulations, taken together, "are concerned with the *use* to which" mailboxes are put, "and not merely with that which may be placed" inside the box. The court noted further that the exception contained in 39 C.F.R. § 156.5(c)(2)[4] expressly limits non-

---

3. A reply card was mailed to approximately 5,000 rural residents explaining and picturing the placement and use of the hook and seeking permission to install and use it. Recipients were to check a yes or no, and return the card by mail, but the card stated that no reply would be considered consent.

4. 39 C.F.R. 156.5(c)(2) (1972) reads:
"(2) *Newspaper receptacles*. A receptacle for newspapers, not restricted to any one paper, may be placed above or below the box or on the post or support, provided it will not interfere with the delivery of mail, obstruct the view of the flag, or present a hazard

postal use to areas above and below the mailbox itself, strengthening the conclusion that the box itself is not available for non-postal use. 350 F.Supp. at 591–592.

We agree with the district court that §§ 151.1(a) and (b), 156.5(h), and 156.-5(c)(2) together "evidence a design to regulate the uses to which mail receptacles may be put," and "do in fact proscribe the activity here in question." [5] Id. at 592.

■ We are not persuaded by appellants' argument that the "attempted regulation * * * is unreasonable, outside the perimeter of its regulatory authority as mandated by the Congress, and constitutes legislation." In United States v. Obermeier, 186 F.2d 243 (2 Cir. 1950), cert. denied, 340 U.S. 951, 71 S.Ct. 569, 95 L.Ed. 685 (1951), and again in New York Foreign Freight Forwarders and Brokers Association v. Federal Maritime Commission, 337 F.2d 289, 295 (2 Cir. 1964), this court set forth the standards that govern the review of agency rules:

> "(1) A regulation is presumptively valid, and one who attacks it has the burden of showing its invalidity.
>
> (2) A regulation or administrative practice is ordinarily valid unless it is (a) unreasonable or inappropriate or (b) plainly inconsistent with the statute." 186 F.2d at 247.

See generally 1 K. C. Davis, Administrative Law Treatise §§ 5.05 and 5.06 (1958).

■ Judged by these standards the regulations are reasonable and valid. They are entirely consistent with the Congressional mandate to the Postal Service to "maintain an efficient system of collection, sorting, and delivery of the mail nationwide." As the district court well said, "Broad rule-making authority must be allowed a federal agency such as the postal service whose activities are national in scope and are geared to meet varied conditions and circumstances throughout the country." 350 F.Supp. at 593.

The regulations here in question are directed toward efficient delivery of the mail without interference from outside sources. If *Reminder* can place its own hooks on mailboxes, then every other publication that wishes to use the mailboxes as delivery boxes can do so. This could well lead to an undue burden on the Postal Service in delivery of the mail.[6]

It is clear also that appellants have other alternatives. Indeed appellant *Reminder* considered and rejected the use of newspaper receptacles, "not restricted to any one paper", expressly authorized in 39 C.F.R. § 156.5(c)(2). It also tried and rejected use of its own hooks placed on the post rather than the mailbox

---

to the carrier or his vehicle. The receptacle must not extend beyond the front of the box when the box door is closed. No advertising shall be displayed on the outside of the receptacle except that the name of a publication may be shown."

5. This conclusion is strengthened further by the fact that it is in accord with the Postal Service's own interpretation of the regulations. The Supreme Court has held repeatedly that "when construing an administrative regulation, 'a court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt. . . . [T]he ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is

plainly erroneous or inconsistent with the regulation.'" Thorpe v. Housing Authority, 393 U.S. 268, 276, 89 S.Ct. 518, 523, 21 L.Ed.2d 474 (1969), quoting from Bowles v. Seminole Rock Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945).

6. The findings of the district court as summarized in its opinion set forth the basis for the court's conclusion that the "regulations reasonably foster the efficient delivery of the mails" and that "the seemingly innocuous practice of permitting the attachment of advertising matter other than official mail to the exterior of the receptacle could impair the prompt and efficient delivery of official mail * * *." 350 F.Supp. at 592.

itself.[7] In addition to the delivery alternatives, the Reminder was in fact mailed to its recipients prior to the installation of the hooks and has also been mailed since their use was prohibited.

 Under these circumstances we cannot say that the Postal Service regulations limiting use of the mailbox itself exclusively for mail are unreasonable or that they violate the Constitutional rights of any of the appellants. It is true that the mailboxes and hooks belong to the owners of the boxes; but particularly in view of the alternatives available for delivery of the advertising circular, any interference with the economic or property rights of the appellants and any limitation of their freedom of speech or press is minimal. The district court properly held that these rights are subject to reasonable circumscription,[8] and that the circumscription here imposed by the regulations of the Postal Service is reasonable.

Affirmed.

---

7. This was found to be too expensive, since delivery to hooks placed on the post would require that the driver leave the car, thus slowing delivery, or requiring that two people make the delivery.

8. See, e. g., Valentine v. Chrestensen, 316 U.S. 52, 54, 62 S.Ct. 920, 86 L.Ed. 1262 (1942); Breard v. Alexandria, 341 U.S. 622, 632–633, 71 S.Ct. 920, 95 L.Ed. 1233 (1951).