**Stephen L. PARSONS et al., Plaintiffs,**

**v.**

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. No. 340–73.**

United States District Court,
D. New Jersey.

June 11, 1974.

Levenson, Magid & Mazzoni by Donald S. Levenson, Cherry Hill, N. J., for plaintiffs.

Jonathan L. Goldstein, U. S. Atty. by William D. Lavery, Jr., Asst. U. S. Atty., for defendant.

## OPINION

On Defendant's Motion for
Summary Judgment

COHEN, Chief Judge:

The much harassed Postal Service is once again under attack by members of

the Winslow Crossing community whose complaint is subjected to a motion by the defendant, United States Postal Service, for summary judgment.

Winslow Crossing is a residential development in Sicklerville, New Jersey, consisting of both single family detached houses and townhouses. In the spring of 1971, while Winslow Crossing was under construction, representatives of the United States Postal Service met with representatives of the developer, Levitt and Sons, Inc., to discuss the extension of postal service to the future residents of the community. As a result of that meeting, defendant Postal Service temporarily and presently occupies a portion of a small shopping center which Levitt built in Sicklerville, New Jersey, in order to serve Winslow Township until defendant can erect a permanent facility in the Sicklerville area.

Plaintiffs, residents and a residents' organization, allege that Levitt is supplying the facility at the shopping center to defendant in consideration for defendant's alleged oral agreement to extend door-to-door delivery service to the whole of Winslow Crossing, and that, as a result of Levitt's alleged performance, defendant is bound to furnish plaintiffs with door-to-door service, for which Levitt allegedly contracted.

Defendant denies making an agreement with Levitt to extend door-to-door service to all residents of Winslow Crossing. The Postal Service states that they originally offered to extend mail delivery to Winslow Crossing from the Williamstown, New Jersey Post Office. Levitt and Sons desired, however, to have a Sicklerville mailing address and, solely as an accommodation to Levitt, defendant agreed to extend postal service to Winslow Crossing from a facility at Sicklerville. The only representations allegedly made by defendant to Levitt were that "city delivery" would be extended to Winslow Crossing. (The term "city delivery" as used by the postal service is a broad term which applies to mail delivery in areas which have reached specified standards of development. "City delivery" can be made by door-to-door service, or by motorized delivery to curbside boxes, depending on various standards and regulations. 39 C.R.F. §§ 155.1, 155.2. "City delivery" does not, however, require door-to-door service under all circumstances.)

In September of 1972, representatives of the Postal Service met with those of the plaintiff Civic Association and Levitt, at which time it was pointed out by the Postal Service that under existing postal regulations, door-to-door delivery could not be extended to residents of single family homes, and that they could qualify only for "cluster box" or curbside mail service.

On September 29, 1972, the Regional Director of the Postal Service modified the then existing requirements for establishing and extending "city delivery" to new areas. In so doing, the policy was established that delivery to new areas which qualify for "city delivery" should normally be by motorized carrier to curbline or "cluster boxes"; door-to-door delivery was limited to homes with average street frontage of 50 feet or less—25 feet less than the previous 75 foot requirement. These changes were published as required by federal regulations.

On November 13, 1972, Winslow Crossing reached the minimum standards for extension of "city delivery" service. The average street frontage for townhouses is 20 feet, and door-to-door delivery has been extended to townhouse residents. Because of the frontage requirements, residents living in detached homes have received mail delivery at curbside mail boxes, or at the Sicklerville Post Office.

Plaintiffs filed the instant class action wherein they seek door-to-door mail delivery to all Winslow Crossing residents. Plaintiffs allege (1) that failure to provide door-to-door service constitutes a "breach of contract"; (2) the regulations concerning mail delivery service are arbitrary and capricious and constitute a denial of equal protection to single family home owners; and (3) the

failure to have a hearing prior to establishing the delivery regulations constitutes a denial of due process. For the reasons noted below, this Court concludes that plaintiffs' claim must be dismissed for failure to state a claim upon which relief can be granted.

■ First, even assuming arguendo that the plaintiffs have standing as third-party donee beneficiaries to allege a breach of contract between Levitt and the Postal Service, plaintiffs are precluded by virtue of the parol evidence rule from introducing evidence concerning an alleged oral promise by postal authorities made prior to entering into the lease agreement. The written lease itself constitutes a fully integrated contract. It recites the parties to the lease, the conditions of the agreement, and the consideration paid. Under such circumstances, where no allegation of fraud or mistake is made, the Court must conclude that the written lease is complete on its face. Hence, even assuming some prior oral promise to provide door-to-door service, such evidence would be incompetent. *See, e. g.,* Ackerman v. Citron, 55 N.J.Super. 122, 150 A.2d 50 (1959); Lobsenz v. Central Market Co., 13 N.J.Misc. 785, 181 A. 265 (1935); Drischman v. McManemin, 68 N.J.L. 337, 53 A. 548 (1902). Plaintiffs' claim for breach of an "agreement" must, therefore, be dismissed.

■■ Secondly, as a matter of law, the postal regulations relied upon by the defendant, both on their face and as applied, constitute a reasonable exercise of the Postal Service's rule-making power; they are not an arbitrary and capricious exercise of governmental authority. Article 1, Section 8, Clause 7 of the Constitution grants Congress the power to establish a postal service. Congress, in turn, has prescribed "general powers" of the Postal Service, including the power "to adopt, amend, and repeal such rules and regulations as it deems necessary to accomplish the objectives [of Title 39]." 39 U.S.C. § 401(2). Further, the Postal Service is charged with the responsibility "to maintain an efficient system of collection, sorting, and delivery of the mail nationwide." 39 U.S.C. § 403(b)(1). An examination of the regulations herein under attack, both on their face and as applied, leads this Court to conclude that the decision concerning door-to-door delivery at Winslow Crossing was a valid and reasonable exercise of administrative discretion. *See also* Rockville Reminder, Inc. v. United States Postal Service, 480 F.2d 4 (2d Cir. 1973). The determination to deliver on a door-to-door or "cluster box" basis is clearly aimed at achieving the most efficient use of postal employees. Further, the uncontroverted affidavit of the Regional Director of the Postal Service, as well as the exhibits attached to the defendant's moving papers indicates that the decision was made in conformance with postal regulations and procedures. Under such circumstances, the Court must conclude that the Regional Director's decision was a reasonable and valid exercise of his delegated authority. Further, plaintiffs' unsupported claim of arbitrary and capricious action cannot overcome the presumptive validity of the regulations in question. Thus, plaintiffs' claim of arbitrary and capricious action must be dismissed.

■ Thirdly, it is clear that the defendant has not violated any requirements of due process in promulgating the delivery regulations without a hearing. Initially, it must be noted that there is no constitutional requirement for public hearings before a government agency exercises its rule-making authority. *See, e. g.,* Bowles v. Willingham, 321 U.S. 503, 519, 64 S.Ct. 641, 88 L.Ed. 892 (1944); California Citizens Band Ass'n v. United States, 375 F.2d 43, 50 (9th Cir. 1967). Nor does the Administrative Procedures Act apply to the rule-making powers herein under consideration. 39 U.S.C. § 410. Finally, as the government persuasively notes, for this Court to require hearings prior to postal rule changes would excessively burden an already overtaxed postal service. Plain-

tiffs' claim of a denial of due process must, therefore, be dismissed.

■■ Plaintiffs raise several other issues which require comment. First, their claim of "discrimination" in service between detached home owners and townhouse owners raises no Federal question. The Equal Protection Clause of the 14th Amendment, relied upon by plaintiffs, only applies to State action—not action by the Federal government or one of its agencies.

■ Secondly, plaintiffs argue that because of a restrictive covenant in their deeds, they cannot place mail boxes at the curbs in front of their property. This Court, however, will not become involved in an examination of an issue of local land use law, particularly when the issue is merely collateral to the dispute at bar.

For the reasons noted above, plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can be granted.

An appropriate order may be submitted.