**GROVER CITY, a Municipal Corporation, et al., Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE et al., Defendants.**

**No. CV 74–3110–WPG.**

United States District Court, C. D. California.

March 19, 1975.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Harold J. Hughes, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

Clark, Hammer & Cool, Stephen N. Cool, Grover City, Cal., for plaintiffs.

## JUDGMENT

WILLIAM P. GRAY, District Judge.

The issues in the above-entitled action having been regularly brought on for trial on the 18th day of February, 1975, the parties having duly appeared by their respective attorneys, the allegations and evidence of the plaintiffs having been heard in support of plaintiffs' contentions, and the defendants having made a motion to dismiss the Complaint at the conclusion of plaintiffs' case under Rule 41(b), Federal Rules of Civil Procedure, and due deliberation having been had, the Court being fully advised, and pursuant to the Findings of Fact and Conclusions of Law filed herein,

It is ordered, adjudged and decreed that the Complaint of the plaintiffs be, and the same hereby is, dismissed on the merits, and the defendants, United States Postal Service, E. T. Klassen, W. J. Sullivan, and Joseph E. Alecci, and each of them, recover their costs from the plaintiffs, City of Grover City, Frank P. Bodine, Shirley Bodine, and Ethel Lee, and each of them.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-entitled action came on regularly for trial on February 18, 1975, before the Honorable William P. Gray, United States District Judge. The Court having considered the pleadings filed herein, the memoranda and exhibits filed by the parties, the allegations and evidence of the plaintiffs offered at the time of trial in support of plaintiffs' contentions, and the oral argument presented at the time of the trial, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### I

Plaintiffs, the city government of Grover City and three residents of that city, brought this action for permanent injunctive relief ordering defendants to provide "home delivery service" to "all residents of the City of Grover City whose mailboxes are located on private property within 25 feet of a sidewalk", and for related declaratory and other relief, in the Superior Court of the State of California, in and for the County of San Luis Obispo, on October 22, 1974. Defendants are the United States of

America, the United States Postal Service, a number of named postal officials, acting in their official capacities, and a number of unknown defendants denominated "Does I through X". The action was removed from the state court to this Court by defendant United States Postal Service on October 25, 1974.

## II

On or about December 10, 1974, plaintiffs filed a Motion for Preliminary Injunction, and defendants filed a Motion to Dismiss. On January 6, 1975, this Court denied both motions and set the action for trial on February 18, 1975.

## III

On May 20, September 16, and October 7, 1974, respectively, the City Council of the City of Grover City adopted Resolution No. 74–36, Resolution No. 74–76, and Ordinance No. 74–8. The Ordinance and the Resolutions prohibited the installation or maintenance of mailboxes on City sidewalks and provided that mailboxes were to be located "at least six inches in back of" sidewalks. The Ordinance and Resolutions contained a legislative finding that the location of a mailbox on a city sidewalk "is hazardous to the health and safety of the citizens of the City of Grover City and also detracts from the visual appearance of the neighborhoods within the City." Pursuant to these enactments, the City directed certain property owners to remove their mailboxes from sidewalks and to install them at least six inches behind the sidewalk.

## IV

A staff report submitted to the City Council by the City Administrator, Kenneth O. Berry, on April 15, 1974, stated that "The City can require that the Post Office provide door-to-door delivery in developed areas where topographical conditions and lot size permit", that "The higher the level of service, the more expensive it will be to the Post Office Department", and that "When an entire block has curb, gutter and sidewalk, that block would be entitled to door-to-door mail service."

## V

Prior to adoption of the Ordinance and Resolutions in question, most of the residents of Grover City had been receiving "curbside delivery".

## VI

After the City of Grover City adopted the enactments in question, several residents of the City, in compliance with those enactments, relocated their mailboxes six inches behind the sidewalks. Since the relocated mailboxes did not comply with the regulations governing "curbside delivery", the Postal Service, in compliance with its regulations and the enactments, provided "general delivery", under which customers must pick up their mail at the post office, to those residents.

## VII

Plaintiffs' Complaint alleges that the Postal Service's delivery policy is "arbitrary", "capricious", "unfair", "discriminatory", "not authorized by the Constitution or statutes of the United States", a denial of "the equal protection of the laws of the United States as set forth in the Fifth Amendment to the United States Constitution", an interference with "the lawful exercise by plaintiff City of Grover City of its corporate police powers and duties as a municipal corporation and with its jurisdiction and control over city-owned rights of way within its boundaries", and a denial of the City's rights "reserved . . . by the Tenth Amendment to the United States Constitution".

## VIII

Almost all of Grover City's new residential sidewalks are five and a half feet wide, with a distance of six feet from the outer edge of the curb to the furthest edge of the sidewalk, and have no unpaved area or "parkway" between the curb and the closest edge of the sidewalk. Thus, most mailboxes relocated in accordance with the City's enactments

would be at least six to six and a half feet in from the outer edge of the curb.

## IX

Mailboxes in Grover City were selected and purchased by the individual residents of that City.

## X

There is no evidence that anyone in Grover City has ever been injured in any manner or degree by curbside mailboxes located within the City.

## XI

Evidence was introduced by plaintiffs which tended to show that other municipalities adjoining Grover City were continuing to receive "door delivery", which had been established in the past, and that delivery to the property line had been established in a city in Nebraska. There was testimony that ordinances similar to the one adopted by plaintiff City had been adopted by one of the cities in California, and by the city in Nebraska.

## XII

Mail delivery by motorized carrier to curbline mailboxes is more efficient, requires less time per delivery, and consequently is more economical for the Postal Service, and ultimately the public, than either "door delivery" or delivery to mailboxes set in from the curb so as to require dismounting or foot delivery.

## XIII

The following Conclusions of Law, to the extent they be deemed findings of fact, are hereby incorporated into these Findings of Fact.

## CONCLUSIONS OF LAW

### I

The foregoing Findings of Fact, to the extent that they are deemed to be conclusions of law, are hereby incorporated into these Conclusions of Law.

### II

■ This action was properly removed from the state court to this Court because the United States Postal Service is an independent establishment of the Executive Branch of the Government of the United States and was entitled to the removal of this action from the state court to this United States District Court pursuant to 39 U.S.C. § 409(a) and 28 U.S.C. § 1441 et seq.

### III

■ This Court lacks jurisdiction as to defendant United States of America because the jurisdiction of a federal court on removal is a derivative jurisdiction, and the state court lacks jurisdiction as to this defendant. Lambert Run Coal Company v. Baltimore and Ohio Railroad Company, 258 U.S. 377, 42 S. Ct. 349, 66 L.Ed. 671 (1922). Accordingly, this action is dismissed as to defendant United States of America for lack of jurisdiction. Pliler v. Asiatic Petroleum Company, Ltd., 197 F.Supp. 212 (S.D.Tex.1961); Pennsylvania Turnpike Commission v. McGinnes, 179 F. Supp. 578 (E.D.Penn.1959), aff'd 278 F.2d 330 (3rd Cir. 1960), cert. den. 364 U.S. 820, 81 S.Ct. 57, 5 L.Ed.2d 51.

### IV

■ This action is dismissed as to defendants "Does I through X" for lack of jurisdiction, because joinder of such fictitious defendants is not permissible under the Federal Rules of Civil Procedure. Molnar v. National Broadcasting Company, 231 F.2d 684 (9th Cir., 1956).

### V

The regulations governing the establishment of the kinds of delivery services involved in this action are contained in Postal Service Manual 155 (hereinafter "PSM"), 39 C.F.R. 155, and more specialized implementing instructions contained in PSM 352 and in Postal Service Regional Instruction No. 331–1. Under these regulations, there are three specific methods by which delivery service may be extended to cities meeting the minimum requirements established by PSM 155.1, 39 C.F.R. 155.1(a): "door service", "curbside delivery", or "cluster box service". Of the two forms

of mail delivery of concern in this action, "door service" means delivery by the carrier to a box or mail slot at the addressee's residence, while "curbside delivery" means delivery by the carrier to a box located at, or very near, the street curb. The previously-cited Postal Service Regional Instruction discourages offering the more expensive "door delivery" and provides: "Delivery service normally should be by motorized carrier to neighborhood cluster boxes or to curbline boxes."

## VI

■■ Even though the above-cited regulations might allow plaintiffs to be considered for "door delivery", they are not entitled to such door delivery. In addition, postal customers who locate or relocate their mail receptacles in a place not suitable for the authorized form of delivery, are no longer entitled to such delivery. Thus, residents of Grover City who relocated their "curbside" boxes so that they were no longer at the curb, were not entitled to continue to receive that form of delivery.

## VII

■■ The above-cited regulations are statutorily authorized since, under the Postal Reorganization Act, as amended, 84 Stat. 719, 39 U.S.C. 101 et seq., the Postal Service is specifically granted the broad authority "to provide for the . . . delivery . . . of mail . . . ," 39 U.S.C. 404(1), and "to adopt, amend, and repeal such rules and regulations as it deems necessary" to carry out section 404(1) and other provisions of postal law codified in Title 39 of the United States Code, 39 U.S.C. 401(2), and additionally to have "all other powers incidental, necessary, or appropriate to . . . the exercise of" its authority under section 404(1) to provide for the delivery of the mail. 39 U.S.C. 401(10). Furthermore, under other provisions of the Postal Reorganization Act, the Postal Service must exercise its authority over postal costs—including delivery costs—so that the total

postal costs are kept within the budgetary limits established by total income to be derived from revenues and appropriations. 39 U.S.C. § 3621; *see also,* 39 U.S.C. § 403(a).

## VIII

■■ Although Postal Service regulations authorize different methods of providing delivery service to different mail users, the choice of method is made administratively strictly on the basis of relevant objective criteria set forth in the regulations described above, and applied nationwide. These regulations are neither arbitrary nor capricious. Parsons v. United States Postal Service, 380 F.Supp. 815 (D.N.J.1974). The Postal Service's delivery regulations are not unreasonably discriminatory because the distinctions made by the regulations are reasonably related to the effectuation of the pertinent objectives of the Postal Reorganization Act, which are provision of efficient mail delivery services at reasonable costs.

## IX

The Postal Service has taken no action to interfere with the enforcement of the enactments in question; all that the Postal Service has done is to honor the choices made by its postal customers, continuing to offer curbside service to all eligible, but providing it only to those who comply with the conditions set forth in postal regulations. In these circumstances, it is clear that the Postal Service has not foreclosed the City from promulgating or enforcing its Ordinance, but rather has offered its customers the remaining delivery alternatives, without allowing the City to dictate or vary national delivery policy by means of local enactments.

## X

■■ If there were any conflicts between the City's ordinance and postal regulations, the regulations necessarily would pre-empt the ordinance under the Supremacy Clause of the Constitution, Article VI, clause 2, because federal

regulations authorized under federal law have the same pre-emptive effect on state or local laws as the federal laws themselves. Public Utilities Commission of California v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958); United States v. Georgia Public Service Commission, 371 U.S. 285, 83 S.Ct. 397, 9 L.Ed.2d 317 (1963); Lockheed Air Terminal, Inc. v. City of Burbank, 457 F.2d 667 (9th Cir. 1972), aff'd 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973).