**Henrietta MARTIN on her own behalf and on behalf of all of the other persons residing on R.F.D. No. 1 of Morven, Anson County, North Carolina, Plaintiff,**

v.

**O. B. SLOAN, Sectional Center Manager of the United States Postal Service, Defendant.**

No. C–C–77–53.

United States District Court, W. D. North Carolina, Charlotte Division.

June 2, 1977.

George M. Chapman, Wadesboro, N. C., for plaintiff.

Keith S. Snyder, U. S. Atty., Asheville, N. C., and Kenneth G. Starling, Asst. U. S. Atty., Charlotte, N. C., for defendant.

## ORDER OF DISMISSAL

McMILLAN, District Judge.

Henrietta Martin, a resident of Morven, North Carolina, brings suit to enjoin the defendant Postal Service official from consolidating Rural Route 1, emanating from Morven, with Rural Route 5 out of Wadesboro, North Carolina, on the grounds that consolidation might precipitate the closing of the Morven Post Office and that no notice was given nor hearing conducted before the decision to consolidate was disclosed to Morven residents.

The defendant has moved for dismissal or for summary judgment, contending that the court lacks authority to review Postal Service decisions to consolidate rural routes. A hearing was conducted on the motion and the plaintiff was given an opportunity to supplement her pleadings.

Upon consideration of the various briefs and arguments of counsel, the court has concluded that the defendant's motion should be allowed.

Title 39 of the United States Code codifies federal law relating to the Postal Service and in § 409(a) it provides that:

"Except as provided in Section 3628 of this title, United States District Courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."

However, nothing in Title 39 appears to require notice or hearing for those affected by rural route consolidation nor to empower this court to review a decision to consolidate. Indeed, wholesale changes in Title 39 enacted by the Postal Reorganization Act of 1970 evince a congressional intent to allow the Postal Service great leeway in deciding whether to consolidate rural routes.

Congress passed the Postal Reorganization Act in part "to increase the ability of the Postal Service management to make the decisions necessary to the efficient and effective operation of the postal system." *Buchanan v. United States Postal Service,* 508 F.2d 259, 263 (5th Cir. 1975).

Nevertheless, Congress installed three mechanisms for postal patron input:

1. Under 39 U.S.C. § 3662, interested parties may lodge complaints about inadequate service with the Postal Rate Commission (a supervisory board independent of the Postal Service), which, *in its discretion,* may grant a hearing and make a recommended decision to the Postal Service which the Service may adopt, modify or reject.

2. Where the Postal Service is considering "a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis," the Postal Rate Commis-

sion *must* conduct hearings, open to mail users, before rendering an advisory opinion about the change. 39 U.S.C. § 3661.

3. Before deciding to close a post office, the Postal Service itself *must* accord patrons of the endangered post office an opportunity to present their views. 39 U.S.C. § 404(b).

Having ordered hearings in certain well-defined situations (2 and 3 above), Congress undoubtedly intended that other postal patron complaints be processed through the § 3662 procedure rather than through compelled hearings. Any other interpretation would directly undermine Congress' desire to free the Postal Service to make business-minded decisions in providing efficient and effective postal service. See *Buchanan v. United States Postal Service, supra.*

The rural route consolidation challenged in this suit will not affect postal service generally on a nationwide basis, and until the Postal Service proposes to close the Morven Post Office, if the Service ever so proposes, plaintiff and the other Morven postal patrons are not entitled to a hearing.·

Before passage of the Postal Reorganization Act, 39 U.S.C. § 3339 provided that:

"The Postmaster General may not consolidate rural routes except on account of a carrier's—(1) resignation, (2) death, (3) retirement, or (4) dismissal on charges."

Section 3339 was omitted from the Reorganization Act however, and thus became subject to § 5(f) of the Act:

"Provisions of Title 39, U.S.C., in effect immediately prior to the effective date of this section, but not reenacted by this Act . . . shall remain in force as rules or regulations of the Postal Service . . . until they are revoked, amended, or revised by the Postal Service."

The Postal Service revoked § 3339 in 39 CFR § 211.1:

"Except as otherwise continued in effect as postal regulations, all provisions of former title 39, U.S.C., which were continued in effect as regulations of the Postal Service by section 5(f) of the Postal Reorganization Act, are revoked. . . ."

Plaintiff has been unable to cite any authority other than § 3339 which empowers this court to review the Postal Service decision to consolidate the Wadesboro and Morven rural routes.

By omitting § 3339 from the Postal Reorganization Act without enacting any similar constraints, Congress has revealed its intention to allow the Postal Service to decide what standards should govern rural route consolidation, which is in line with Congress' general desire to increase the ability of the Postal Service to manage the mails in a more business-like manner. The Postal Service has revoked § 3339, thus remitting plaintiff to the complaint procedure established in 39 U.S.C. § 3662 and removing this court's authority to review the consolidation decision plaintiff challenges.

IT IS THEREFORE ORDERED that this case be and it hereby is dismissed.