Allan Potter, Potter & Potter, Corpus Christi, Tex., for plaintiffs.

Jose Berlanga, Asst. U. S. Atty., Houston, Tex., for defendants.

Bill LUDEWIG et al.

v.

**Melba WOLFF, as Postmaster, and John J. Saldana, Sectional Center Manager, Postmaster.**

Civ. A. No. C–79–73.

District Court of United States, S. D. Texas, Corpus Christi Division.

July 7, 1980.

## SUMMARY JUDGMENT

OWEN D. COX, District Judge.

This first impression case was brought by twenty-six patrons of the United States Postal Service Rural Route One, Three Rivers, Texas. The controversy centers upon the authority of the local postmaster to renumber the patrons' mailboxes without their consent. The Court has jurisdiction over this action pursuant to 39 U.S.C. § 409(a).

A hearing was previously held in this cause upon Plaintiffs' motion for preliminary injunction. The Defendants now move the Court for summary judgment, contending that the Postal Service does have the authority to renumber the mailboxes. Upon consideration of the various briefs, supporting affidavits, deposition, transcript from preliminary injunction hearing, and the arguments of counsel, the Court has concluded that the Defendants' motion should be allowed.

In early 1979, several patrons of Rural Route One requested of the Postmaster that the service route be extended closer to their homes. Due to this extension and other factors, the rural route box numbers were not numerically in the order that they

are served. To correct this problem, and to expedite the resulting delays in sorting the mail, the Postmaster renumbered the route. Upon being notified of their new numbers, 102 patrons petitioned the Postmaster, claiming that they would refrain from using the new numbers until the Postmaster's authority to renumber the route was established. Twenty-six of those patrons have brought this action seeking to enjoin the renumeration and requesting declaratory judgment on the Postmaster's authority.

■ Although no statute or regulation specifically allows the Postmaster to renumber the route, the Postal Service is given broad latitude in making the decisions necessary to the efficient and effective operation of the postal system. *Buchanan v. United States Postal Service*, 508 F.2d 259, 263 (5th Cir. 1975); *Martin v. Sloan*, 432 F.Supp. 616, 617 (W.D.N.C.1977); *see* 39 U.S.C. §§ 101, 401(10), 403(a). The Postmaster has sought to provide more economical and efficient service by renumbering the boxes. This objective is accomplished by reducing the time necessary for the letter carrier to sort and deliver the mail. The Postal Service contends that the Postal Reorganization Act of 1970, 39 U.S.C. § 101, *et seq.*, provides that such action is "necessary" and proper to the performance of effective, efficient, and economic postal service. *See* 39 U.S.C. §§ 401(10), 403(b)(1). The Court is of the opinion that the Postal Service's interpretation of these statutes are controlling since it is not plainly erroneous or inconsistent with the statutes. *Egger v. United States Postal Service*, 436 F.Supp. 138, 142 (W.D.Va.1977); *see Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). The Court agrees that the restructuring of the manner of delivery may be necessary to achieve efficient postal service. *See Egger v. United States Postal Service*, 436 F.Supp. 138, 142 (W.D.Va.1977) (change in delivery policy to unmarried students); *Eldridge v. United States Postal Service*, Civ. No. 75–15285 (M.D.Pa.1976) (change in postal address from Maryland to Pennsylvania). Accordingly, the Court concludes that the Postal Service's renumeration of the rural mailboxes to provide more effective service is reasonably related to the Act, and permissible thereunder. *Grover City v. United States Postal Service*, 391 F.Supp. 982, 986 (C.D.Cal.1975).

■ Additionally, the Postal Service's delivery regulations, as well as their application by the Postmaster herein, are not unreasonably discriminatory because the distinctions made by the regulations are reasonably related to the effectuation of the pertinent objectives of the Postal Reorganization Act, which includes the efficient delivery of mail at reasonable costs. *Grover City v. United States Postal Service*, 391 F.Supp. 982, 986 (C.D.Cal.1975); 39 U.S.C. § 403(c); *see Egger v. United States Postal Service*, 436 F.Supp. 138, 142 (W.D.Va. 1977). The Court further finds that the Postmaster properly complied with the postal regulations by numbering the boxes sequentially in the order they are served. *See* Postal Operations Manual, § 636.1, 39 C.F.R. § ——.

■ The Plaintiffs contend that they were entitled to notice and hearing before the Postal Service could renumber their delivery route. The Court, however, finds no merit in this argument. Congress, in passing the Postal Reorganization Act, specifically established those complaints entitled to a hearing. *See Buchanan v. United States Postal Service*, 508 F.2d 259, 262 (5th Cir. 1975); *Martin v. Sloan*, 432 F.Supp. 616, 617 (W.D.N.C.1977). The Postal Service *must* grant a hearing when it is considering "a change in the nature of postal services which will generally affect service on a nationwide" basis, 39 U.S.C. § 3661, or when it decides to close a post office, 39 U.S.C. § 404(b); a hearing *may* be held upon complaints of inadequate service, 39 U.S.C. § 3662. *Martin v. Sloan*, 432 F.Supp. 616, 617 (W.D.N.C.1977). In all other situations, jurisdiction for review of Postal Service activity. lies in the federal courts, 39 U.S.C. §§ 409(a), 3628; *see Martin v. Sloan*, 432 F.Supp. 616, 617 (W.D.N.C.1977). The renumbering of mailboxes in one rural route in Three Rivers, Texas, is not such a

change of service to require a hearing. *See Buchanan v. United States Postal Service,* 508 F.2d 259, 262–263 (5th Cir. 1975) (nationwide impact required under § 3661).

The Court's earlier ruling on the Plaintiffs' motion for a preliminary injunction and the findings of fact and conclusions of law contained therein are hereby incorporated herein and together with this ruling shall constitute the findings of fact and conclusions of law pursuant to Rule 52(b), Fed.R.Civ.P.

Accordingly, since the Court finds that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law, the Court grants Defendants' motion for summary judgment.

It is further ORDERED that this opinion be submitted for publication.

IT IS SO ORDERED.